UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEVERETTE,                           Case No. 10-10795

           Plaintiff,                       Avern Cohn
vs.                                          United States District Judge

COMMISSIONER OF                              Michael Hluchaniuk
SOCIAL SECURITY,                             United States Magistrate Judge

           Defendant.
_____/

## REPORT AND RECOMMENDATION
## CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 12)

## I.    PROCEDURAL HISTORY

    A.    <u>Proceedings in this Court</u>

On February 25, 2010, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge John Feikens referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance, and supplemental security income benefits. (Dkt. 3). This matter was reassigned to District Judge Avern Cohn on November 24, 2010. (Dkt. 13). This matter is before the Court on cross-motions for summary judgment. (Dkt. 9, 12).

B.    Administrative Proceedings

Plaintiff filed the instant claims on March 2, 2007, alleging that he became unable to work on December 31, 1999. (Dkt. 5, Tr. at 72-82). The claim was initially disapproved by the Commissioner on April 30, 2007. (Dkt. 5, Tr. at 29-39). Plaintiff requested a hearing and on June 30, 2009, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Sheldon P. Zisook, who considered the case *de novo*. In a decision dated July 16, 2009, the ALJ found that plaintiff was not disabled. (Dkt. 5, Tr. at 10-20). Plaintiff requested a review of this decision on August 8, 2009. (Dkt. 5, Tr. at 7-9). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (AC-9F, Dkt. 5, Tr. at 4), the Appeals Council, on December 23, 2009, denied plaintiff's request for review. (Dkt. 5, Tr. at 1-4); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that the

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was fifty-six years of age at the time of the most recent administrative hearing.  (Dkt. 5, Tr. at 24).  Plaintiff's relevant work history included approximately ten years as a deliverer and truck driver.  (Dkt. 5, Tr. at 94, 116).  In denying plaintiff's claims, defendant Commissioner considered gout in both knees, feet and ankles, difficulty walking, chest and abdominal pain, and emphysema as possible bases of disability.  (Dkt. 5, Tr. 93).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since December 31, 1999.  (Dkt. 5, Tr. at 15).  At step two, the ALJ found that plaintiff's history of gout, asthma, hypertension, and history of substance abuse were "severe" within the meaning of the second sequential step.  *Id*.  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  *Id.*  At step four, the ALJ found that plaintiff could  perform his previous work as a deliverer and driver, and thus denied benefits without reaching step five.  (Dkt. 5, Tr. at 19).

B.      Plaintiff's Claims of Error

According to plaintiff, his past work was all above the sedentary range of exertion and ranged from light to medium work. (Tr. 116-121). Thus, if he were unable to return to his past relevant work and limited to a range of sedentary work, plaintiff would be eligible for benefits as of 2003 when he attained the age of 50 years old. According to plaintiff, when he was initially denied benefits, it was acknowledged that he could not perform his past work. (Tr. 36). Mr. Leverette was assigned an RFC for a range of sedentary work per the DDS. (Tr. 203) But, he was denied benefits because he was alleging disability as of December 31, 1999, when he would be considered a younger individual under the medical vocational guidelines. (Tr. 72, 80). Plaintiff amended his date of disability and made his alleged date of disability his 50th birthday. According to plaintiff, based on the amended onset date to his 50th birthday, plaintiff having graduated from high school, past work ranging from light to medium and an RFC for a range of sedentary work, plaintiff requests that the Court reverse the decision denying benefits and remand this case for an award of benefits as of his 50th birthday.

Plaintiff also asserts that the ALJ erred when he concluded that the work as a deliverer and driver were past relevant work. The record shows that plaintiff earned nominal amounts of money when performing this work and performed this work for less than three months. In 1996, when he did the driver job for Salvation

Army, Mr. Leverette earned $1981.  (Tr. 84, 94, 116).  When plaintiff performed work for the phone book company, he earned $1054 in 2004 and $877 in 2006.  (Tr. 84).  He indicated in the record that this work was seasonal and that he only performed it for about three to four weeks.  (Tr. 93-94, 116).  Thus, according to plaintiff, this work can hardly be considered past relevant work and, because plaintiff was denied at step four of the sequential evaluation, the decision of July 16, 2009 should be reversed and the case remanded for further proceedings.

Plaintiff also contends that the ALJ erred by discounting the DDS's determination that he was limited to a range of sedentary work because his treating physician has stated that [he] was not disabled.  (Tr. 19).  The definition of disability varies amongst medical professionals as well as amongst disability and insurance companies.  While plaintiff may not have been disabled under the Social Security guidelines when he was a younger individual, according to the record at hand, as noted above, he did become disabled on his 50th birthday because he was limited to sedentary work and could not return to his past relevant work.

For these reasons, plaintiff argues that the decision should be reversed and the case remanded for an award of benefits as of his 50th birthday, or in the alternative, the case should be remanded for further proceedings.

C.   <u>Commissioner's Motion for Summary Judgment</u>

Plaintiff suggests on appeal that the ALJ failed to properly consider the

opinions of the State Agency medical consultant that plaintiff was restricted to sedentary work. According to the Commissioner, the ALJ's decision shows that he properly considered the medical source opinions of record in determining plaintiff's ability to work. The Commissioner also points out that the "Physical Residual Functional Capacity Assessment" attributed to the Michigan State Agency (DDS) was not completed by a physician. (Tr. 201). Rather, the form was completed by William Lockart, a nonphysician, acting pursuant to 20 C.F.R. §§ 404.906(b)(2). This regulation provides streamlined procedures as an experiment, in which State Agency disability examiners may decide cases without documenting medical opinions from State Agency medical consultants. The "single decisionmaker model" was an experimental modification of the disability determination process that happens to have been used in Michigan. This experiment eliminated the reconsideration level of review and allowed claims to go straight from initial denial to ALJ hearing. Most significantly, it allowed the state agency employee (the single decisionmaker) to render the initial denial of benefits without documenting medical opinions from the state agency medical consultants. 20 C.F.R. §§ 404.906(b)(2), 416.1406(b)(2). According to the Commissioner, under this single decisionmaker model, the assessment completed by Mr. Lockart is simply an adjudicatory document and not medical source opinion evidence entitled to any weight. Thus, the Commissioner argues that plaintiff's suggestion

Report and Recommendation
Cross-Motions for Summary Judgment
*Leverette v. Comm'r*; Case No. 10-10795

that Mr. Lockhart's assessment should be given great weight is without merit.

Further, the Commissioner suggests that the ALJ acknowledged Mr. Lockhart's assessment, and appropriately noted that it was completed by a DDS medical consultant rather than a physician. (Tr. 19). Based on his review of the record as a whole, the ALJ explained that the DDS assessment was "not consistent with the record or treating physician's medical evidence of record." (Tr. 19). Moreover, the ALJ noted that Mr. Lockhart indicated that "the claimant has a [history] of gout with flares, but no evidence of permanent limitations." (Tr. 19 citing Tr. 204). In light of the fact that Mr. Lockhart was not a physician, and his opinion was inconsistent with the other evidence of record and inconsistent with his own review of the record, the ALJ reasonably declined to accept the DDS assessment.

In this case, the ALJ observed that Dr. Robinson completed paperwork in connection with plaintiff's disability claim and stressed in April 2007, that plaintiff "is not disabled." (Tr. 18 citing Tr. 224). On September 6, 2007, Dr. Robinson noted that plaintiff complained of back pain but reported that it was "substantially relieved in the past with muscle relaxers." (Tr. 216). Dr. Robinson prescribed muscle relaxers and referred plaintiff for substance abuse counseling. (Tr. 217). Here, the ALJ determined that Dr. Robinson's opinion was "well supported and consistent with the totality of the record." (Tr. 19).

Dr. Schuchter saw plaintiff on April 3, 2007, at the request of the State Agency. (Tr. 175). On physical examination, Dr. Schuchter observed no active gout. (Tr. 175). He described plaintiff as well developed and well nourished. (Tr. 176). Neurologically, plaintiff's sensory exam was intact for light touch and vibration. (Tr. 176). Musculoskeletal examination revealed no joint swelling, redness, or heat. (Tr. 176). Plaintiff's grip strength was 123 pounds bilaterally, and he was able to pick up coins with both hands. (Tr. 176; Tr. 178). Range of motion testing was slightly reduced in the joints. (Tr. 179-80). Straight-leg-raise testing was negative for radicular pain bilaterally to 90 degrees. (Tr. 178). Dr. Schuchter indicated that plaintiff could sit, stand, bend, stoop, and squat, and he did not provide any limitations for any of these abilities. (Tr. 177). Since Dr. Schuchter "found claimant had almost normal physical and neurological examination," the Commissioner asserts that the ALJ properly did not provide for additional limitations beyond those identified in his RFC finding.

The ALJ also considered the report of Dr. Hachigian, a consultative examiner who saw plaintiff on April 14, 2007. (Tr. 19 citing Tr. 198-201). On physical examination, Dr. Hachigian reported that plaintiff's cranial nerves were intact; muscle strength and tone were normal; sensory was intact to light touch and pinprick; and reflexes were intact and symmetrical. (Tr. 199). Dr. Hachigian also reported that plaintiff walked with a normal gait without the use of an assistive

device.  (Tr. 199).  Dr. Hachigian further reported that plaintiff's grip strength remained intact; dexterity was unimpaired; and range of motion of the joints was full.  (Tr. 199).  The ALJ found Dr. Hachigian's report consistent with the range of work set forth in his RFC finding.  (Tr. 19).  According to the Commissioner, A reading of the ALJ's decision shows that he properly considered the medical source opinions of record in determining plaintiff's RFC, and substantial evidence supports his RFC finding.

The ALJ reviewed plaintiff's description of his past work as a deliverer and driver and described in the "Work History Report" plaintiff completed for the Agency.  (Tr. 116-26).  In his job as a deliverer, plaintiff reported that he walked two hours, stood two hours, and sat four hours a day.  (Tr. 117).  He also reported that he lifted "phone books 3 ft" and that the heaviest weight he lifted was 15 pounds.  (Tr. 117).  In his job as a driver, plaintiff reported that he walked two hours, stood one hour, and sat five hours a day.  (Tr. 118).  He also reported that the heaviest weight he lifted was 25 to 50 pounds and that he frequently lifted 25 pounds.  (Tr. 118).  The ALJ correctly noted that plaintiff's "work as a deliverer for a phone book company and as a driver was no more than light [work] in terms of exertional demands, as claimant described those jobs."  (Tr. 19).  According to the Commissioner, plaintiff's description of his past work, as he had actually performed it, does not establish that he would be unable to return to performing

either the job of deliverer or driver given the range of work identified by the ALJ in his RFC finding.  Since plaintiff's past work as a deliverer and driver would not require him to perform activities in excess of his RFC, the ALJ reasonably found at step four of the sequential evaluation that plaintiff was not under a "disability," as defined by the Act because he remained capable of performing his past work as a deliverer and driver as actually and generally performed.  (Tr. 19).

Based on the foregoing, the Commissioner asks that the decision of the ALJ be affirmed.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final

administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's

testimony, and other evidence."). "However, the ALJ is not free to make

credibility determinations based solely upon an 'intangible or intuitive notion

about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec.

Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are

conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the

Commissioner's decision merely because it disagrees or because "there exists in

the record substantial evidence to support a different conclusion." *McClanahan v.*

*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800

F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a

scintilla of evidence but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486

F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard

presupposes that there is a 'zone of choice' within which the Commissioner may

proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027,

1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record

only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.

2001). When reviewing the Commissioner's factual findings for substantial

evidence, a reviewing court must consider the evidence in the record as a whole,

Report and Recommendation
Cross-Motions for Summary Judgment
*Leverette v. Comm'r*; Case No. 10-10795

including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.
>
> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without further
> analysis.
>
> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed

> to be disabled regardless of age, education or work
> experience.
>
> Step Four: If the claimant is able to perform his or her
> past relevant work, benefits are denied without further
> analysis.
>
> Step Five: Even if the claimant is unable to perform his
> or her past relevant work, if other work exists in the
> national economy that plaintiff can perform, in view of
> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20

C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.     Analysis and Conclusions

If the ALJ determines at step four that the claimant can perform his past relevant work, the ALJ need not complete the sequential analysis. *Ball v. Comm'r*, 2010 WL 5885538, *2 (S.D. Ohio 2010), citing, 20 C.F.R. § 404.1520(a). However, if the ALJ errs in finding that the claimant can perform his past relevant work, the matter should be remanded for further consideration under Step 5. *Id*., citing, *Lauer v. Bowen*, 818 F.2d 636, 641 (7th Cir. 1987).

> In the fourth step, the SSA evaluates claimants' "residual functional capacity," defined as "the most [the claimant] can still do despite [his or her] limitations." Claimants whose residual functional capacity permits them to perform their "past relevant work" are not disabled. "Past relevant work" is defined as work claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. Claimants who can still do their past relevant work are not disabled.

*Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642-43 (6th Cir. 2006) (*en banc*)

(internal citations omitted). Under the applicable regulations, a job is past relevant work if it was "done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." 20 C.F.R. § 404.1565(a). "Substantial gainful activity" is in turn defined as work that involves "significant physical or mental activities" done for "pay or profit." 20 C.F.R. § 404.1572(a)-(b).

Here, plaintiff argues that the ALJ should not have considered his past work as a delivery driver because it was seasonal, he only worked a few weeks each year, and he did not make a sufficient amount of money to constitute "substantial gainful activity." The undersigned concludes that plaintiff has not met his burden of proof on this issue sufficient to overcome the ALJ's decision. While there is evidence in the record that the phone book delivery job in 2004 and 2006 was "seasonal" and only lasted a few weeks, plaintiff offers no evidence regarding how long he worked as a delivery driver in 1996. While his total income from that job for the year 1996 was $1981, there is no evidence one way or another in the record regarding how long plaintiff had that job or what his monthly income was. According to 20 C.F.R. 416.974, if plaintiff's monthly income averaged more than $300 per month, this work constituted "substantial gainful activity." Plaintiff points to nothing in the record, and the undersigned could find nothing, indicating how many weeks or months it took to earn the $1981 in 1996 from this job. Absent evidence establishing that this job was not "substantial gainful activity,"

the ALJ properly considered it past relevant work under step four.

Notably, even if plaintiff performed the job for a short time, it can still be considered "past relevant work" absent evidence that it does not otherwise satisfy the definition of "past relevant work." *Crabtree v. Comm'r*, 2008 WL 4404835, *5 (S.D. Ohio 2008) ("Plaintiff's almost three months on the job was more than sufficient time for her to learn to talk to people about obtaining a credit card and then enter that information into a computer."); *Dudley v. Secretary of Health and Human Services*, 816 F.2d 792, 794 (1st Cir. 1987) (Determination that claimant's three months' prior work as labeler was sufficient for work to constitute "past relevant work" for purposes of determining whether claimant had burden of demonstrating inability to perform labeling work was supported by evidence that work was relatively straightforward and uncomplicated); *Drejka v. Commissioner of Social Security*, 61 Fed.Appx. 778, 783 (3d Cir. 2003) (Claimant's jobs, for three months or less, as newspaper inserter and housekeeper for motel were not too brief to be considered past relevant work which claimant was able to perform for purposes of claim for Social Security disability benefits and supplemental security income benefits; although such jobs were unskilled with low vocational rating, claimant worked at them long enough to learn how to do them.); *Jones v. Sullivan*, 1990 WL 139210, *3 (7th Cir. 1990) (Work done for only a few months can apply as "past relevant work," because "past relevant work" is work which has "lasted

long enough for [the claimant] to learn to do it."). Plaintiff has not pointed to any evidence in the record suggesting that he did not work long enough at this job in 1996 to constitute "past relevant work." Indeed, the fact that he was able to obtain seasonal work as a delivery driver in 2004 and 2006 suggests that he worked at this job long enough previously to "learn how to do it."

Plaintiff also argues that the ALJ was not free to deviate from the statement in the initial denial dated April 30, 2007, that "We realize your condition prevents you from doing your past job(s)." (Tr. 36). According to plaintiff, because plaintiff's past work included "light" jobs, he must be limited to sedentary work. Plaintiff cites no authority for the proposition that the ALJ was bound by this statement at step four of the review process and undersigned has found none. Significantly, the initial denial stated in the previous sentence: "Your conditions would prevent you from doing heavy work but it is felt that there are many lighter jobs you still can do." (Tr. 36). Read in context, the initial decision made no conclusions about plaintiff's inability to do any work except "heavy" work, which is entirely consistent with the ALJ's RFC. Thus, plaintiff's argument that his RFC must be limited to sedentary work based on the statement in the initial denial is not supported by the record and should be rejected.

The undersigned is also not persuaded that the ALJ erred by concluding that the substantial evidence supported plaintiff's ability to do light work. Plaintiff

cites no authority for the proposition that the ALJ should be bound by the non-medical DDS consultant, particularly in light of the dearth of medical evidence establishing that plaintiff was unable to perform light work.  While the undersigned is not persuaded that the ALJ can or should solely rely on a treating physician's statement that a plaintiff is "not disabled," – just as the ALJ would never rely on the treating physician's statement that a plaintiff "is disabled" – it is clear from the ALJ's decision that he fully considered all of the evidence of record in determining plaintiff's RFC.  Indeed, plaintiff has pointed to no medical evidence from a treating physician indicating that he was more limited than the RFC found by the ALJ.  *See Maher v. Sec'y of Health and Human Serv.*, 898 F.2d 1106, 1109 (6th Cir. 1987), citing, *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical restrictions constitutes substantial evidence for a finding of non-disability.").  Thus, the undersigned finds no basis to disturb the RFC as determined by the ALJ.

D.    Conclusion

After review of the record, the undersigned concludes that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, and the decision is supported by substantial evidence.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date:  August 17, 2011                         s/Michael Hluchaniuk
                                               Michael Hluchaniuk
                                               United States Magistrate Judge

## CERTIFICATE OF SERVICE

        I certify that on August 17, 2011, I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system, which will send electronic
notification to the following: Mikel E. Lupisella, Kenneth Shaitelman, AUSA, and
the Commissioner of Social Security.

                                               s/Tammy Hallwood
                                               Case Manager
                                               (810) 341-7887
                                               tammy_hallwood@mied.uscourts.gov